# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAVIER AVALOS, SR. and ROSALBA
AVALOS-PORRAS, Individually and
as next friends of their minor children
JAVIER AVALOS, JR., and
ALEJANDRO AVALOS,

       **Plaintiffs,**

vs.                                **No. 97cv0521 HB/JHG**

EDMUNDO DURON, JR., EDMUNDO
H. DURON, SR., CITYWIDE CARRIERS,
and UNITED PARCEL SERVICES, INC.,

       **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant Citywide Carriers' Motion for Summary Judgment filed February 11, 1998. On August 26, 1998, the assigned United States District Judge designated the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(B). The United States Magistrate Judge, having considered the responsive pleadings, relevant law, and being otherwise fully informed, finds that the motion to be well-taken and recommends that it be GRANTED.

## I. Background

On April 8, 1996, Edmundo Duran, Sr., d/b/a ED Trucking (EDT), executed a Common Carrier/Contract Agent Contract with A.W. Hale and L.F. Candelaria, d/b/a Citywide Carriers

(Citywide). Edmundo Duron, Sr. is the father of Edmundo Duron, Jr., a driver for EDT.

On July 26, 1996, Rosalba Avalos-Porras was driving her van north on Interstate 25 in Sierra County, New Mexico, along with her husband, Javier Avalos, Sr., and children, Javier Avalos, Jr. and Alejandro Avalos. An EDT tractor-trailer driven by Edmundo Duron, Jr. collided with the Avalos van, injuring all four members of the family.

Plaintiffs allege, through their First Amended Complaint to Recover Damages for Personal Injury, that the accident was caused by the negligence of Edmundo Duron, Jr. They aver that Edmundo Duron, Sr. is vicariously liable as his employer under the doctrine of respondeat superior. Additionally, Plaintiffs contend Citywide is vicariously liable because Edmundo Duron, Sr. was its statutory employee within the meaning of the federal motor carrier safety regulations.

At the time of the accident, the EDT tractor- was hauling cargo for Citywide from El Paso, Texas to Albuquerque, New Mexico. Plaintiffs are citizens and residents of Mexico. The Durons are residents of Texas. The principals of Citywide are residents of Texas. United Parcel Service is a North Dakota corporation. Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332(a)(2) (1998).

**II. Standard of Review**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d

1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v.  Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

**III. Discussion**

In its motion for summary judgment, Citywide argues it is not vicariously liable for the alleged

negligence of Edmundo Duron, Jr. It contends the plaintiffs have failed to identify any federal regulatory and statutory scheme which would impute liability to Citywide for the alleged negligence of EDT under the facts of this case. Plaintiffs contend Citywide is vicariously liable for the alleged negligence of Edmundo Duron, Jr. under federal regulations.

Applicable federal regulations[1] provide a carrier-lessee is liable for accidents which occur while a valid lease is in effect. *Rodriguez v. Ager*, 705 F.2d 1229, 1236 (10th Cir. 1983); *Graham v. Malone Freight Lines, Inc.*, 948 F.Supp. 1124 (D. Mass 1996). The purpose of this regulatory scheme is to eliminate "fly-by-night" contracting by requiring an authorized carrier lessee to assume responsibility for accidents of the driver of the vehicle. *Rodriguez v. Ager*, 705 F.2d at 1236. In the absence of a lease, however, the regulations do not give rise to vicarious liability and do not themselves establish an employer-employee relationship. *Graham v. Malone Freight Lines, Inc.*, 948 F.Supp. at 1134.

The decisive issue is thus whether the Contract Carrier Agreement between Citywide and EDT was a lease within the meaning of the federal regulations. Under the regulations, a lease is defined as "[a] contract or arrangement in which the owner grants the use of equipment, with or without driver, for a specified period to an authorized carrier for use in the regulated transportation of property in exchange for compensation." 49 C.F.R. § 1057.2(e) (1996). During the period of the

---

[1] The Interstate Commerce Commission Termination Act of 1995, which took effect January 1, 1996, abolished the Interstate Commerce Commission and transferred certain functions and proceedings to the Surface Transportation Board and the Department of Transportation. 61 Fed. Reg. 54706 (1996). However, the relevant provisions of the prior law were retained and re-codified at 49 U.S.C. § 14102(a)(4) (1996). Moreover, the implementing regulations were transferred and redesignated effective October 21, 1996. 61 Fed. Reg. 54706. The accident occurred on July 26, 1998. Therefore, the re-codified provisions of the statute and the prior provisions of the regulations apply to this case. In any event, the re-designated regulations, 49 C.F.R. § 376 (1997), are essentially the same as the prior provisions for the purposes of this analysis. *Compare* 49 C.F.R. § 1057 (1996), *with* 49 C.F.R. § 376 (1997).

lease, the authorized carrier must identify the equipment in accordance with the regulations as being in its service by displaying on both sides the name and "MC" number of the carrier under whose authority the vehicle is being operated. 49 C.F.R. §§ 1057.11(c)(1), 1058.2. The lease is required to clearly specify which party is responsible for removing the identification devices upon termination of the lease. 49 C.F.R. § 1057.12(e). Every lease entered into by an authorized carrier must contain a provision stating that the authorized carrier maintain "exclusive possession, control, and use of the equipment for the duration of the lease." 49 C.F.R. § 1057.12(c)(1).

In support of its motion for summary judgment, Citywide presented the following undisputed facts. The Common Carrier/Contract Agent Contract provided that at least five shipments would be offered to EDT. The contract stated EDT had the option to decline any shipment and was under no obligation to accept any particular shipment. EDT itself was an authorized carrier and displayed its own "MC" and Department of Transportation numbers on its tractor rigs. The EDT tractor-trailer involved in the collision did not display Citywide's identification or "MC" number and did not operate under Citywide's authority. The contract specified EDT would carry its own insurance and explicitly stated EDT retained full responsibility and assumed all liability.

In light of these facts, Citywide has satisfied its burden of establishing the contract was not a lease. The contract did not provide Citywide would have exclusive possession control and use of the equipment. On the contrary, EDT was free to chose its own routes or entirely decline any load. The contract did not address the use or return of any identification devices. Moreover, the contract specifically provided EDT would carry its own insurance,  retain full responsibility and assume all liability. In his deposition, Alan Hale testified the parties understood the contract was not a lease and the EDT tractor-trailers would operate under EDT's authority. These facts establish the Common

Carrier/Contract Agent Contract was not a lease within the meaning of the regulations. In the absence of a lease, Citywide is not vicariously liable for any alleged negligence of EDT under federal regulations. *See Graham v. Malone Freight Lines, Inc.*, 948 F.Supp. at 1134. Citywide has thus met its initial burden of demonstrating an absence of evidence to support Plaintiffs' case. *Celotex v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553.

Once Citywide satisfied its initial burden, the burden shifted to Plaintiffs to set forth specific facts showing a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d at 891. Plaintiffs do not dispute the material facts as set out by Citywide. They offer no facts which would tend to establish the existence of a lease.

In response to the motion for summary judgment, Plaintiffs argue the contract was indeed a lease. However, the cases cited by Plaintiffs are clearly distinguishable from this case. The cited cases all involve situations where the lessor/driver was not an authorized carrier and the equipment was operated under the authority and identification of the lessee/carrier. *See Zamalloa v. Hart*, 31 F.3d 911 (9th Cir. 1994); *Empire Fire & Marine Insurance v. Guaranty National Insurance*, 868 F.2d 357 (10th Cir. 1989); *Baker v. Roberts Express, Inc.*, 800 F.Supp. 1571 (S.D.Ohio 1992); *Ryder Truck Rental Co, Inc. v. UTF Carriers, Inc.* 719 F. Supp. 455 (W.D. Va. 1989); *Wilson v. Riley Whittle*, 145 Ariz. 317, 701 P.2d 575 (1984). In the instant case, the EDT tractor-trailer operated under EDT's own authority as a common carrier and did not operate under Citywide's authority. Therefore, the cases cited by Plaintiffs are not applicable to the facts of this case.

In order to resist the motion for summary judgment, Plaintiffs were required to set forth specific facts showing there is a genuine issue for trial as to a dispositive matter. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. This they failed to do. The Court has examined the record and

resolved all reasonable inferences in the light most favorable to the Plaintiffs. Plaintiffs have failed to demonstrate a genuine issue for trial as to whether the contract qualified as a lease under the regulations.

Upon review of the evidence presented on this motion for summary judgment, the Court finds the Common Carrier/Contract Agent Contract of April 8, 1996, was not a lease within the meaning of the applicable federal regulations and concludes Citywide is not vicariously liable for any negligence of Edmundo Duron, Jr. There is no question of material fact which precludes a grant of summary judgment in Citywide's favor. Therefore, Citywide's Motion for Summary Judgment filed February 11, 1998, should be granted.

## RECOMMENDED DISPOSITION

Citywide's Motion for Summary Judgment filed February 11, 1998, should be GRANTED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.