IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER AVALOS, SR. and ROSALBA
AVALOS-PORRAS, Individually and
as next friends of their minor children
JAVIER AVALOS, JR., and
ALEJANDRO AVALOS,

    Plaintiffs,

vs.              No. 97cv0521 HB/JHG

EDMUNDO DURON, JR., EDMUNDO
H. DURON, SR., CITYWIDE CARRIERS,
and UNITED PARCEL SERVICES, INC.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant United Parcel Service's (UPS) Motion for Dismissal with Prejudice of All Plaintiffs' Claims filed December 11, 1997. On August 26, 1998, the assigned United States District Judge designated the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(B). The United States Magistrate Judge, having considered the responsive pleadings, relevant law, and being otherwise fully informed, finds that the motion to be well-taken and recommends that it be DENIED.

**I. Background**

On April 8, 1996, Edmundo Duran, Sr., d/b/a ED Trucking (EDT), executed a Common Carrier/Contract Agent Contract with A.W. Hale and L.F. Candelaria, d/b/a Citywide Carriers

(Citywide). Edmundo Duron, Sr. is the father of Edmundo Duron, Jr., a driver for EDT.

On July 26, 1996, Rosalba Avalos-Porras was driving her van north on Interstate 25 in Sierra County, New Mexico, along with her husband, Javier Avalos, Sr., and children, Javier Avalos, Jr. and Alejandro Avalos. An EDT tractor-trailer driven by Edmundo Duron, Jr. collided with the Avalos van, injuring all four members of the family.

Plaintiffs allege, through their First Amended Complaint to Recover Damages for Personal Injury, that the accident was caused by the negligence of Edmundo Duron, Jr. They aver that Edmundo Duron, Sr. is vicariously liable as his employer under the doctrine of respondeat superior. Additionally, Plaintiffs contend Citywide is vicariously liable because Edmundo Duron, Sr. was its statutory employee within the meaning of the federal motor carrier safety regulations.

Plaintiffs further allege that UPS owned the trailer and cargo which was being transported at the time of the accident, UPS engaged in interstate transportation of cargo through Edmundo Duron, Sr. and Citywide, UPS exercised control over Duron, UPS was a co-employer of Edmundo Duron, Sr., and because of this employment relationship, UPS is vicariously liable for any negligence of Edmundo Duron, Jr.

At the time of the accident, the EDT tractor rig was hauling UPS cargo for Citywide from El Paso, Texas to Albuquerque, New Mexico. Plaintiffs are citizens and residents of Mexico. The Durons are residents of Texas. The principals of Citywide are residents of Texas. United Parcel Service is a North Dakota corporation. Jurisdiction is founded upon diversity of citizenship. 28 U.S.C. § 1332(a)(2) (1998).

## II. Standard of Review

In assessing a motion to dismiss, the court must accept all the well-pleaded allegations of the

complaint as true and must construe them in a light most favorable to the plaintiffs. *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief. *David v. Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). In determining whether to grant a motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chavez*, 55 F.3d at 494 (citing *Doyle v. Oklahoma Bar Assn.*, 998 F.2d 1559, 1566 (10th Cir. 1993)).

**III. Discussion**

Under the applicable standard, the court is confined to assessing the pleadings only. In their complaint, Plaintiffs allege UPS owned the trailer and cargo which was being transported at the time of the accident, UPS engaged in interstate transportation of cargo through Edmundo Duron, Sr. and Citywide, UPS exercised control over Duron, UPS was a co-employer of Edmundo Duron, Sr., and because of this employment relationship, UPS is vicariously liable for any negligence of Edmundo Duron, Jr. Accepting the allegations of the complaint as true and affording them the benefit of all reasonable inferences, Plaintiffs may be able to establish UPS vicariously liable for any alleged negligence of Edmundo Duron, Jr. Therefore, the motion to dismiss should be denied.

Alternatively, the motion to dismiss may be denied under the local rules. Failure to file a brief in support of a motion constitutes consent to deny the motion. D.N.M.LR-Civ. 7.5(b). UPS failed to file a brief and cited absolutely no authority in support of its motion to dismiss. Thus, in the alternative, the motion to dismiss should be denied under the local rules.

Upon review of the pleadings, accepting all the well-pleaded allegations of the complaint as true and construing them in a light most favorable to the Plaintiffs pursuant to Fed.R.Civ.P. 12(b)(6),

the Court finds Plaintiff may be able to establish vicarious liability with respect to UPS. Therefore the motion to dismiss should be denied.

## RECOMMENDED DISPOSITION

UPS's Motion for Dismissal with Prejudice of All Plaintiffs' Claims filed December 11, 1998, should be DENIED.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.