IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER AVALOS SR., and ROSALBA
AVALOS-PORRAS, Individually and
as next friends of their minor children
JAVIER AVALOS, JR., and
ALEJANDRO AVALOS,

                Plaintiffs,

v.                                                               No. Civ. 97-0521 HB/JHG

EDMUNDO DURON, JR., EDMUNDO
H. DURON, SR., CITYWIDE CARRIERS,
and UNITED PARCEL SERVICE, INC.

                Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on United Parcel Services' (UPS) Motion for Summary Judgment. On August 26, 1998, the assigned United States District Judge designated the Undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(B). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that the motion is well-taken and recommends that it be GRANTED.

### I. Background

On April 8, 1996, Edmundo Duran, Sr., d/b/a ED Trucking (EDT), executed a Common Carrier/Contract Agent Contract with A.W. Hale and L.F. Candelaria, d/b/a Citywide Carriers

(Citywide). Under this contract, EDT agreed with Citywide to supply tractors with drivers to Citywide in situations where Citywide did not have enough tractors or drivers to transport all UPS overflow loads themselves. Citywide paid EDT $.95 per mile to deliver UPS trailers to their destination.

There was also a contract between UPS and Citywide which obligated Citywide to provide tractors with drivers to transport loaded, sealed trailers for UPS between various destinations whenever UPS did not have enough equipment or drivers to make the deliveries. The contract provided that UPS would pay Citywide $1.10 per mile for transport of UPS trailers. When Citywide was unable to transport UPS trailers, it hired another trucker, such as EDT, to transport the UPS loaded trailers.

On July 26, 1996, Rosalba Avalos-Porras was driving her van north on Interstate 25 in Sierra County, New Mexico, along with her husband, Javier Avalos, Sr., and children, Javier Avalos, Jr. and Alejandro Avalos. An EDT tractor-trailer driven by Edmundo Duron, Jr., son of Edmundo Duron, Sr., collided with the Avalos Van, injuring all four members of the family. At the time of the accident, the EDT tractor was hauling UPS cargo for Citywide from El Paso, Texas to Albuquerque, New Mexico.

In their First Amended Complaint to Recover Damages for Person Injury, Plaintiffs allege that the accident was caused by the negligence of Edmundo Duron, Jr. Plaintiffs also claim Edmundo Duron, Sr. is vicariously liable as his employer under the doctrine of respondeat superior. Additionally, Plaintiffs contend UPS is vicariously liable under the following theories of liability: (1) Defendant UPS was an employer of Defendants Duron, Sr. and Duron, Jr. (respondeat superior); (2) Defendant UPS leased the tractor owned and operated by Duron, Sr.

2

for the purpose of transporting cargo on behalf of Defendant UPS; and (3) Federal Motor Carrier Safety Regulations make Defendant UPS the employer of Defendant Duron, Sr. UPS asserts it cannot be held vicariously liable under any of Plaintiffs' theories of liability.

In its February 11, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition recommending granting Citywide's Motion for Summary Judgment, this Court concluded that the Contract Carrier Agreement between Citywide and EDT was not a lease within the meaning of the federal regulations. See February 11, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition at 5. And, in its May 14, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition recommending denial of Plaintiffs' Motion for Partial Summary Judgment, this Court found that in the absence of a lease Citywide and UPS were not vicariously liable for any alleged negligence of EDT under federal regulations. See May 14, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition at 5. On January 11, 1999, the assigned United States District Judge adopted the February 11, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition and the May 14, 1998 Magistrate Judge's Proposed Findings and Recommended Disposition. Because the Court has already ruled the Contract Carrier Agreement between Citywide and EDT was not a lease within the meaning of the federal regulations and thus, in the absence of a lease, Citywide and UPS were not vicariously liable for any alleged negligence of EDT under federal regulations, this Court will not address these issues again. Therefore, the only remaining issue is whether UPS was an employer of Defendants Duron, Sr. and Duron, Jr. so as to apply the doctrine of respondeat superior to this case.

## II. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First Nat ional Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth

specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III. Discussion

Under the doctrine of respondeat superior, the master is liable for the negligent acts of the servant when committed during the course and scope of the servant's employment or agency. *Monett v. Doña Ana County Sheriff's Posse*, 114 N.M. 452, 456 (Ct.App. 1992). "In determining whether an employer-employee relationship exists, rather than an independent contractor relationship, the primary test is whether the employer has the right to control the details of the work to be performed." *Savinsky v. Bromley Group*, *Ltd.*, 106 N.M. 175, 176 (Ct.App. 1987). To determine whether an employer has the power to control an employee, the Court should consider (1) direct evidence of the employer's power to control the manner and means of performance of the employee, (2) the method of payment of compensation, (3) whether the employer furnishes equipment for the worker, and (4) whether the employer has the power to terminate the employee at will. *Id.*

UPS asserts its relationship with the Durons was not one of employer-employee but rather one of independent contractor. UPS contends the Common Carrier/Contract Agent Contract

created an independent contractor relationship between Citywide and EDT. UPS refers the Court to paragraph VII of the contract which states in pertinent part: "The relationship of the Agent (EDT) to the carrier (Citywide) shall at all times, be that of an independent contractor.[1]" UPS Mot. for Summ. J. Ex. A. UPS further contends it was not a party to the contract and had no direct relationship with EDT or the Durons and exercised no control over how EDT operated its business.

An independent contractor is one who agrees to do certain work where the person who engages the contractor may direct the result to be accomplished but does not have the right to control the manner in which the details of the work are to be performed. UJI 13-404 NMRA 1999. Generally, one who employs an independent contractor is not liable to others for the negligence of the contractor or for the negligence of the employees of the independent contractor. *Monett*, 114 N.M. at 457; *see also*, UJI 13-404 NMRA 1999.

The main issue before the Court is whether UPS asserted enough control over EDT or the Durons to constitute a master-servant relationship. If such a relationship is present, then UPS could be found liable under the doctrine of respondeat superior.

The record supports UPS's contention that it did not control how EDT operated its business. UPS did not control the manner and means of performance of Edmundo Duron, Sr. or Edmundo Duron, Jr., and it was not responsible for compensating them. Moreover, UPS did not furnish any equipment for the Durons and had no power or authority to fire them.

---

[1] The manner in which parties designate a relationship is not controlling, and if an act done by one person on behalf of another is in its essential nature one of agency, the one is the agent of the other, notwithstanding he is not so called. *Chevron Oil Co. v. Sutton*, 85 N.M, 679, 681 (1973). However, in this case, the Court finds that the relationship between Citywide and EDT was one of independent contractor.

In light of these facts, UPS has satisfied its burden of establishing it was not an employer of Edmundo Duron, Sr. or Edmundo Duron, Jr. Upon this showing, it becomes Plaintiffs' burden to raise at least a reasonable doubt as to the presence of a employer-employee relationship between UPS and the Durons. This Plaintiffs have failed to do. Therefore, summary judgment for UPS on the issue of respondeat superior is granted.

Plaintiffs also raised the issue of whether or not the contracts between UPS and Citywide and Citywide and EDT created common law agency. However, because UPS had the right to direct the result to be accomplished but did not have the right to control the manner in which the Durons performed the work, the law of agency does not apply. *Savinsky*, 106 N.M. at 176.

## RECOMMENDED DISPOSITION

United Parcel Services' Motion for Summary Judgment filed March 15, 1999, should be GRANTED.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.