IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER AVALOS, SR. and ROSALBA
AVALOS-PORRAS, Individually and
as next friends of their minor children
JAVIER AVALOS, JR., and
ALEJANDRO AVALOS,

        Plaintiffs,

v.                                                                               No. 97cv0521 JP/JHG

EDMUNDO DURON, JR., EDMUNDO
H. DURON, SR., CITYWIDE CARRIERS,
and UNITED PARCEL SERVICES, INC.,

        Defendants,

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Plaintiff-in-Intervention.

v.

WILSHIRE INSURANCE COMPANY AND PROGRESSIVE
COUNTY MUTUAL INSURANCE CO.,

        Defendants.

### MEMORANDUM OPINION

This matter is before the Court on the following motions: (1) Liberty Mutual Fire Insurance Company's (Liberty Mutual) Motion for Summary Judgment on Declaratory Judgment Action, filed March 23, 2000; (2) Wilshire Insurance Company's (Wilshire) Counter-motion for Summary Judgment, filed March 23, 2000; and (3) Progressive County Mutual Insurance Company's (Progressive) Cross-motion for summary judgment, filed April 12, 2000.

On July 24, 2000, the Court entered a Stipulated Order of Dismissal of Certain Claims under FED. R. CIV. P. 41(a)(2). The Stipulated Order of Dismissal dismissed Plaintiffs' claims against all Defendants, all claims of Liberty Mutual against Progressive and the Duron Defendants, all claims of Wilshire against Progressive and the Duron Defendants, and all claims of Progressive against Liberty Mutual or Wilshire. The only claims that remain are those between Liberty Mutual and Wilshire.

Liberty Mutual contends its policy provides excess coverage to the Wilshire policy and moves the Court to declare that the Wilshire policy is primary. Additionally, Liberty Mutual argues that, since its coverage is secondary to the coverage afforded by the Progressive and Wilshire policies, the Court should enter judgment declaring the limits of the Progressive and Wilshire policies must be exhausted before Liberty Mutual is obligated to pay for any loss sustained by Plaintiffs.

Wilshire moves the Court to grant its counter-motion for summary judgment and to declare that its policy does not provide coverage for the motor vehicle accident which is the basis of this action. Having considered the motions, the briefs submitted by the parties, and the relevant law, the Court finds that Liberty Mutual's motion should be denied, and Wilshire's counter-motion is well taken and should be granted..

### I. Standard of Review

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine

2

issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the

3

motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

## II. Factual Background

On April 8, 1996, Edmundo Duran, Sr., d/b/a ED Trucking (EDT), executed a Common Carrier/Contract Agent Contract with A.W. Hale and L.F. Candelaria, d/b/a Citywide Carriers (Citywide).[1] Under this contract, EDT agreed with Citywide to supply tractors with drivers to Citywide in situations where Citywide did not have enough tractors or drivers of its own to transport all UPS overflow loads. Citywide paid EDT $.95 per mile to deliver UPS trailers to their destination.

There was also a contract between UPS and Citywide which obligated Citywide to provide tractors with drivers to transport loaded, sealed trailers for UPS between various destinations whenever UPS did not have enough equipment or drivers to make the deliveries. The contract provided that UPS would pay Citywide $1.10 per mile for transport of UPS trailers. When Citywide was unable to transport UPS trailers, it hired another trucker, such as EDT, to transport the UPS loaded trailers.

---

[1] On November 2, 1998, the Court granted Citywide's motion for summary judgment. In its Memorandum Opinion, the Court determined the Contract Carrier Agreement between Citywide and EDT was not a lease within the meaning of the federal regulations. Plaintiffs had argued that Citywide, an authorized carrier licensed by the Interstate Commerce Commission, had entered into a lease with EDT to lease equipment it did not own, and the lease was in effect at the time of the accident. Under such circumstances, Citywide could be held vicariously liable for Plaintiffs' injuries. In the absence of a lease, however, the regulations do not give rise to vicarious liability. In this case, EDT operated under its own authority as a common carrier and did not operate under Citywide's authority. The cases cited by the parties involved valid leases under the federal regulations and are therefore not instructive on the issue before this Court.

4

On July 26, 1996, Rosalba Avalos-Porras was driving her van north on Interstate 25 in Sierra County, New Mexico. Her husband, Javier Avalos, Sr., and children, Javier Avalos, Jr. and Alejandro Avalos, were passengers. Edmundo Duron, Jr., son of Edmundo Duron, Sr., was driving an EDT tractor and collided with the Avalos van, injuring all four members of the family. At the time of the accident, the EDT tractor was hauling UPS cargo for Citywide from El Paso, Texas to Albuquerque, New Mexico.

On April 17, 1997, Plaintiffs filed the instant action. A different insurance company insured each of the Defendants. A dispute arose as to which insurance company was liable to Plaintiffs. Progressive insured the EDT tractor. Liberty Mutual insured the UPS trailer. Wilshire insured Citywide. On August 30, 1999, Liberty Mutual filed its Motion to Intervene and to Join Additional Parties. On September 9, 1999, United States Magistrate Judge Smith entered an order granting Liberty Mutual's motion to intervene and Wilshire and Progressive were joined in the action.

### III. The Insurance Policies

**A. Liberty Mutual's Policy**

Liberty Mutual issued a policy of liability insurance to UPS for the period of January 1, 1996, to January 1, 1997. The policy contained an Interstate Commerce Commission (ICC) MCS-90 endorsement under which "motor vehicle" is defined as "a land vehicle, machine, truck, tractor, **trailer**, or **semitrailer** propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof." See Ex. 1, unnumbered last page (emphasis added). The policy obligates Liberty Mutual to pay all sums that UPS is legally required to pay as damages for bodily injury or property damage resulting from the operation of

5

an auto covered by the policy. By the terms of the policy, a trailer is a covered auto. In regard to other insurance, the policy states:

> B. GENERAL CONDITIONS
>
> 5. OTHER INSURANCE
>
> a. For any covered auto you own, this Coverage Form provides primary insurance. For any covered auto you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered auto which is a trailer is connected to another vehicle, the Liability Coverage this Coverage Form Provides for the trailer is:
>
> (1) Excess while it is connected to a motor vehicle you do not own.
>
> (2) Primary while it is connected to a covered auto you own.

**B. Wilshire's Policy**

Wilshire issued a policy of insurance to Citywide which also contained an MCS-90 endorsement. Under the Wilshire policy, "auto" is defined as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads but does not include mobile equipment." Ex. 3, at Part 1 of Business Auto Policy. Under the Wilshire policy's MCS-90 endorsement, "motor vehicle" is defined as "a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof." See Ex. 3, unnumbered last page. The policy obligates Wilshire to pay all sums that Citywide is legally required to pay as damages for bodily injury or property damage resulting from the operation of an auto covered by the policy. By the terms of the Wilshire policy, a trailer is a covered auto. The Wilshire policy contains an "other insurance" provision identical to the language of Liberty Mutual's "Other Insurance" clause. Liberty Mutual contends EDT is an

6

insured under the Wilshire policy and relies on the following clause of the Wilshire policy for support:

> D. WHO IS INSURED
>
> 1. You are insured for any covered auto.
> 2. Anyone else is an insured while using with your permission a covered auto you own **hire** or borrow except:
>    a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
>    b. Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
>    c. Anyone other than your employees, a lessee or borrower or any of their employees, while moving property to or from a covered auto. (emphasis added).

## IV. Discussion

In *Empire Fire and Marine Ins. v. Guaranty Nat. Ins. Co.,* 868 F.2d 357, 359 (10th Cir. 1989), the Court of Appeals for the Tenth Circuit held that the ICC endorsement does not establish automatic priority of the insurance policy to which it is attached, but rather serves only to negate limiting clauses that may appear in that policy. The Court of Appeals also concluded that, "[a]s modified by the endorsement, the policy still must be compared to all other relevant policies in order to determine, under traditional state insurance and contract law, the priorities among the policies." *Id.* Finally, the Court of Appeals made clear that the ICC endorsement negates any inconsistent limiting provisions in the insurance policy to which it is attached, regardless of whether a shipper or a member of the public is involved in the dispute or whether the dispute is among insurance companies. *Id.* at 362.

In this case, Liberty Mutual contends EDT is an insured under the Wilshire policy because

Citywide **hired** EDT trucking to move UPS loads. Liberty Mutual relies on the "Anyone else is an insured while using with your permission a covered auto you own hire or borrow. . . ." clause of the policy. Wilshire counters that its insured, Citywide, did not own, hire or borrow either the tractor or trailer involved in the accident, and therefore, Wilshire's coverage is not implicated under the MCS-90 endorsement. The Court agrees. Citywide and EDT entered into a Contract Carrier Agreement. There was no agreement for Citywide to lease, hire or borrow a specific vehicle. Citywide merely hired a company that provided transportation and not a specific vehicle over which it had exclusive use or control. *See Toops v. Gulf Coast Marine, Inc.*, 72 F.3d 483 (5th Cir. 1996) ("[F]or a vehicle to constitute a hired automobile, there must be a separate contract by which the vehicle is hired or leased to the named insured for his exclusive use or control."), *see also, Sprow v. Hartford Ins. Co.*, 594 F.2d 985 (6th Cir. 1970)(in order for a vehicle to constitute a hired automobile it must be under the named insured's exclusive use or control). Accordingly, the Court finds that EDT is not an insured under the Wilshire policy's hired auto clause. However, under Liberty Mutual's policy, EDT trucking is an insured, even in the absence of the MCS-90 endorsement. Therefore, the Court will deny Liberty Mutual's motion for summary judgment and will grant Wilshire's counter-motion for summary judgment.

A judgment in accordance with this memorandum opinion will be entered.

**JAMES A. PARKER**
**CHIEF UNITED STATES DISTRICT JUDGE**